IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 22-30275-H4-13 |
| **Sondi Lynne Hunt** | § | |
| | § | |
|     **Debtor** | § | CHAPTER 13 |
| | § | |
| **v.** | § | |
| | § | |
| **U.S. Bank Trust National Association** | § | |
| **Creditor** | § | |

**OBJECTION TO CLAIM NO. 10 OF U.S. BANK TRUST NATIONAL ASSOCIATION**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON AUGUST 18, 2022 AT 10:00 AM BEFORE JUDGE CHRISTOPHER LOPEZ AT THE UNITED STATES BANKRUPTCY COURTHOUSE, BY TELEPHONE AND VIDEO CONFERENCE. DIAL-IN TELEPHONE NO: 832-917-1510. CONFERENCE CODE: 590153. VIDEO: GOTOMEETING, MEETING ID JUDGELOPEZ OR IN COURTROOM 401, UNITED STATES BANKRUPTCY COURT, 515 RUSK AVE., HOUSTON, TEXAS 77002.**

**TO THE HONORABLE JUDGE OF SAID COURT:**

    Sondi Lynne Hunt, Debtor herein, files this Objection to Claim No. 10 of U.S. Bank Trust National Association (herein "U.S. Bank") and shows as follows:

1. Debtor filed Chapter 13 bankruptcy case no. 22-30275-H4-13 on 1/31/2022

2. On 3/21/2022, U.S. Bank filed a proof of claim asserting a total secured claim of $103,397.59 and pre-petition arrears of $13,356.94. See Claim No. 10.

3. Debtor objects to the claim:

   a) Debtor asserts that there should not be any missed payments owed to U.S. Bank. Debtor is working on providing proof of payments.

   b) In the alternative, based on the documents attached to the proof of claim the claim

should be reduced to $10,938.17.

c) The Loan Payment History From Date of First Default begins with a loan transfer on 9/18/2019. Debtor entered into a loan modification that started payments of $847.62 (comprised of $470.67 in principal and interest and $376.95 in escrow). Based on these documents debtor would have paid 6 months of escrow into the escrow account prior to 9/1/2019. Therefore the escrow balance on the first date of default should have been $2,261.70 (6 x $376.95).

d) Debtor asserts that funds as of the beginning of the Loan Payment History From Date of First Default are misapplied due to the failure to credit the escrow account properly as of the date of transfer.

e) Based on the Form the first date of default was 9/1/2019. There are 29 months between 9/1/2019 to 1/1/2022. Thus there should be $13,649.43 in principal and interest payments due (29 x $470.67). Based on the Form $15,191.07 was paid out from the escrow account from 9/18/2019 to 1/4/2022. ($13,649.43 + $15,191.07 = $28,888.50)

f) The Form also shows $17,050.77 paid by the Debtor between 9/18/2019 and 1/4/2022. Properly crediting the correct escrow balance and the payments would reduce the amounts owed for P&I and Escrow to $9,576.03.

```
    $28,888.50 (comprised of $15,191.07 Escrow and $13,697.43 P&I)
 -  $17,050.77 (paid by debtor per Form)
 -  $ 2,261.70 (corrected escrow balance as of first date of default)
    $9,576.03
 +$   269.96   (prepetition fees due)
 +$ 1,092.18   (projected escrow shortage)
    $10,938.17
```

4. **Request for attorney's fees and relief under Fed.R.Bankr.P. 3001(c)(2)(D)**: The Proof of Claim fails to attach the document required under Fed.R.Bankr.P. 3001. This objection

may not have been necessary if U.S. Bank had attached the documentation required under Fed.R.Bankr.P. 3001. As such, Debtor requests that U.S. Bank be precluded from presenting any additional evidence of its claim in any contested matter or adversary proceeding. Debtor further requests that the Court award Debtor reasonable attorney's fees and expenses, as well as any other relief appropriate, under Fed.R.Bankr.P. 3001.

Premises considered, Debtor requests that, after notice and a hearing, the Court enter an order reducing the claim of U.S. Bank, precluding U.S. Bank from presenting any additional evidence in any contested matter or adversary proceeding, awarding reasonable attorney's fees and expenses, and granting any other appropriate relief. A form order is attached hereto.

Respectfully submitted,

KEELING LAW FIRM

/s/Kenneth A. Keeling
Kenneth A. Keeling; TBN 11160500
Yolanda Gutierrez; TBN 24041028
Cristina Rodriguez; TBN 24049980
Rebecca Keeling; TBN 24083295
3310 Katy Freeway, Suite 200
Houston, Texas 77007
Tel: (713) 686-2222; Fax (713) 579-3058
legal@keelinglaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing has been served either electronically or by United States First Class Mail on July 12, 2022, as follows:

UNITED STATES TRUSTEE
United States Trustee
515 Rusk Avenue
Suite 3516
Houston, Texas 77002

CHAPTER 13 TRUSTEE
David G. Peake
9660 Hillcroft, Suite 430
Houston, TX 77096

DEBTOR
Sondi Lynne Hunt
19918 Arrowsmith Dr
Humble, TX 77338


CREDITOR(S)
U.S. Bank Trust National Association
SN Servicing Corporation
323 Fifth Street
Eureka, CA 95501

Richard E. Anderson
4920 Westport Drive
The Colony, Texas 75056

    Respectfully submitted,
    **KEELING LAW FIRM**
    /s/ Kenneth A. Keeling
    **ATTORNEY FOR DEBTOR**